**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**


ANTHONY JEROME TERRY,

      Petitioner,

vs.                                           Case No.:    3:13-cv-1140-J-34JRK
                                                                            3:10-cr-17-J-34JRK

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This case is before the Court on Petitioner Anthony Jerome Terry's "Motion to Object and Reconsider Denial of 2255 Motion" (Civ. Doc. 57, Motion to Reconsider) and Motion to Appeal In Forma Pauperis (Civ. Doc. 60, Motion to Appeal IFP).[1] On May 6, 2020, the Court denied Terry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 54, Order Denying § 2255 Motion; Civ. Doc. 55, Judgment). In doing so, the Court rejected Terry's claims that he was unlawfully sentenced under the career offender guideline, that trial counsel and appellate counsel gave ineffective assistance, that the government engaged in prosecutorial misconduct by refusing to file a substantial assistance motion, and that Terry was entitled to relief based on the First Step Act of 2018 or the elimination of the residual clause from U.S.S.G. § 4B1.2(a). Fewer than 28 days later, Terry filed the Motion to Reconsider.

---

[1]    Citations to the record in the underlying criminal case, <u>United States vs. Anthony Jerome Terry</u>, Case No. 3:10-cr-17-J-34JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:13-cv-1140-J-34JRK, will be denoted as "Civ. Doc. __."

The Court need not repeat the facts and history of the case, or the Court's explanation for rejecting Terry's § 2255 Motion. Those are set forth in the previous Order denying § 2255 relief, which the Court incorporates by reference. For the reasons below, the Motion to Reconsider and Motion to Appeal IFP are due to be denied.

## I.     Standard

Pursuant to Rule 59, a party may move to alter or amend a judgment no later than 28 days after its entry. Fed. R. Civ. P. 59(e). Terry moved for reconsideration within 28 days of the entry of judgment. As such, his request for relief is governed by Rule 59(e).[1] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

2

misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047 (quotations and citations omitted). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

## II.      Discussion

In the Motion to Reconsider, Terry rehashes many of the same arguments he raised in his § 2255 motion and various supplements. He argues that: (1) the Shepard[2] documents do not make clear which subsection of Florida's lewd and lascivious battery statute (Florida Statutes Section 800.04) he was previously convicted under, such that the Court erred by relying on this conviction in applying the career offender enhancement; (2) appellate counsel should have filed a Rule 28(j) letter with the Eleventh Circuit Court of Appeals, see Fed. R. App. P. 28(j), after the United States Supreme Court granted certiorari review in Descamps v. United States, 133 S. Ct. 2276 (2013); (3) he is factually innocent of the lewd and lascivious battery conviction, even though he admits that this conviction has not been vacated by the state court; (4) he never "raped" the 14-year-old victim involved in the lewd and lascivious battery conviction; and (5) the prosecutor engaged in misconduct by refusing to file a substantial assistance motion.

The Court addressed and rejected these claims in the Order denying § 2255 relief. Terry has not identified newly discovered evidence or a manifest error of law or fact that warrants altering or amending the judgment. In light of the foregoing, Terry's assertions do not support reconsideration under Rule 59(e). He simply disagrees with the Court's ruling, but not on any basis that warrants reconsideration.

## III.     Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Terry seeks issuance of a certificate of appealability (COA), the undersigned opines that a COA is not warranted, either with respect to this Order or the prior Order denying § 2255 relief. This Court should issue a COA only if the petitioner makes "a

---

[2]      Shepard v. United States, 544 U.S. 13 (2005).

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Terry "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, the Court will deny a COA.

Accordingly, it is hereby **ORDERED:**

1.  Petitioner Anthony Jerome Terry's "Motion to Object and Reconsider Denial of 2255 Motion" (Civ. Doc. 57), construed as a motion to alter or amend the judgment under Rule 59(e), is **DENIED**.

2.  If Terry appeals the denial of this Motion, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, Terry's Motion to Appeal IFP (Civ. Doc. 60) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Anthony Jerome Terry

5